(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

————————————————————  :
                                              :
ALAN BEEGAL, et al.                           :
                                              :
                      Plaintiffs,             :       Civil No. 05-5625 (RBK)
                                              :
          v.                                  :       **OPINION**
                                              :
PARK WEST GALLERY, et al.                     :
                                              :
                      Defendants.             :
————————————————————  :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by plaintiffs Alan and Bonnie Beegal, Kenneth and Sheila Sataloff, Michael and Abbe Block, and others similarly situated ("Plaintiffs") to remand this case against defendants Park West Gallery and Park West at Sea ("Defendants") to the Superior Court of New Jersey, Law Division, Burlington County.  For the reasons that follow, the Court will grant Plaintiffs' motion.

## I.  BACKGROUND

On November 1, 2001, plaintiffs Alan and Bonnie Beegal, Kenneth and Sheila Sataloff, Michael and Abbe Block, Lawrence and Carol Benton, Robert Waxler, and Stella Rosner filed a class action complaint in the Superior Court of New Jersey, Law Division, Burlington County,

against defendants Park West Gallery, Park West at Sea, and Carnival Cruise Lines.[1]  Named plaintiffs were passengers on cruise ships upon which Defendants sold and auctioned pieces of art.  Plaintiffs alleged that Defendants were liable for common law fraud, consumer fraud, and civil conspiracy as a result of artificially inflating the cost of artwork sold at auctions on board cruise ships.  In the class action complaint, named plaintiffs represented a class consisting of "all those individuals who are residents of the United States who were passengers on a cruise line doing business with [Defendants], between 1996 and the present who purchased artwork or unsuccessfully tendered a bid to purchase artwork at an auction conducted by Defendants."

On December 9, 2004, Plaintiffs moved to have the Superior Court certify a class.  In their brief, Plaintiffs stated that "[t]he class in this case are [sic] all those individuals who between 1996 to the present purchased artwork or unsuccessfully tendered a bid to purchase artwork at an auction conduct [sic] by defendants." (Defs.' Br. Ex. F.)

The Superior Court heard oral argument on the motion, and on September 23, 2005 issued a letter opinion granting Plaintiffs' motion for class certification.  This opinion certified a class consisting of "all individuals who attended and bid on artwork at any of the Park West live auctions from 1996 to the present." (Pls.' Br. Ex. B.)

On October 31, 2005, the Superior Court entered an order which certified a class consisting of "[a]ll individuals who attended and bid on artwork and were at any of the Park West live auctions from 1996 to the present." (Pls.' Br. Ex. C.)

On November 22, 2005, Defendants filed a motion with the Superior Court, Appellate Division, for leave to appeal the class certification order.

---

[1]Subsequent to the filing of this complaint, plaintiffs Lawrence and Carol Benton, Robert Waxler, and Stella Rosner withdrew from this suit and the Superior Court granted summary judgment to defendant Carnival Cruise Lines.

On November 30, 2005, Defendants filed a notice of removal with this court, and on December 27, 2005 Plaintiffs moved to remand the action.

## II. DISCUSSION

    A.    <u>Standard for Removal</u>

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court that has original jurisdiction over the action.  Once an action is removed, a plaintiff can challenge removal by moving to remand the case back to the state court.  To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case.  <u>Abels v. State Farm Fire & Casualty Co.</u>, 770 F.2d 26, 29 (3d Cir. 1995).  In this action, Defendant claims that this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  While some courts have cited CAFA's legislative history as imposing a burden on the plaintiff to show that "removal was improvident," S. Rep. No. 109-14, at 42 (2005), several circuit courts have determined that since the statute does contain a burden-shifting provision, the burden remains with the defendant.  <u>See, e.g.</u>, <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1329-30 (11th Cir. 2006); <u>Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006); <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 448 (7th Cir. 2005).  In a recent case, a judge in this district held likewise.  <u>See</u> <u>Morgan v. Gay</u>, 2006 U.S. Dist. LEXIS 55211, at *9 (D.N.J. Aug. 7, 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains on the proponent of federal jurisdiction.").

Furthermore, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court.  <u>See</u> <u>Abels</u>, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation

in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); <u>Glenmede Trust Co. v. Dow Chemical Co.</u>, 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

     B.     <u>Jurisdiction Under CAFA</u>

Under CAFA, Congress gave federal district courts original jurisdiction over class actions where the amount in controversy exceeds $5,000,000,[2] 28 U.S.C. § 1332(d)(2), the class consists of at least 100 members, 28 U.S.C. § 1332(d)(5)(B), and at least one class member and one defendant are citizens of different states or either a class member or defendant is a foreign state or citizen of a foreign state, 28 U.S.C. § 1332(d)(2).  Plaintiffs do not dispute that this action satisfies these jurisdictional parameters.

 However, for a federal district court to have jurisdiction under CAFA, the action must have been "commenced on or after the date of enactment of this Act," Pub. L. 109-2, § 9, which was February 18, 2005.  An action is deemed to have been commenced when the original complaint was filed.  <u>See</u> <u>Natale v. Pfizer, Inc.</u>, 424 F.3d 43, 44 (1st Cir. 2005); <u>Robinson v. Holiday Universal, Inc.</u>, 2006 U.S. Dist. LEXIS 7252, at *4-*5 (E.D. Pa. Feb. 27, 2006) ("[M]any courts have held that, for CAFA jurisdictional purposes, a class action commences when it begins in state court.").  However, courts have sometimes held new actions to have been commenced when amendments are made to the complaint.  In making this determination, courts

---

    [2] "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs." 28 U.S.C.§ 1332(d)(6).

look to see whether the amended complaint "relates back" to the filing date of the original

complaint.  Under Fed R. Civ. P. 15(c), an amendment to a pleading is deemed to relate back if,

inter alia, "the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed. R.

Civ. P. 15(c)(2).  Furthermore, the Third Circuit has stated that in determining whether the

addition of new parties to an action should relate back to the original complaint, the court must

"inquire whether the defendants (A) received such notice that they will not be prejudiced in

maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake

concerning the identity of the proper party, the action would have been brought with the original

claims."  Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995) (citing Fed. R. Civ.

P. 15(c)(3)).

        Defendants assert that while Plaintiffs did not amend their complaint to include new

parties, the Superior Court's class certification order accomplished this same objective, as it

expanded the class to include plaintiffs who were not United States residents.  Defendants refer

this Court to Desmond v. Bankamerica Corp., 120 F. Supp. 2d 1201 (N.D. Ca. 2000), a similar

case in which a district court, addressing an action where removal was sought under the

Securities Litigation Uniform Standards Act, noted that removal could be obtained when

additional parties "are brought into this litigation by some mechanism other than amendment of

the complaint, such as a class certification order[.]" Id. at 1204.

        Defendants claim that the class expansion contained in the Superior Court's class

certification order sufficed to "commence" a new action on November 2, 2005, when Defendants

received the Superior Court's order.  In their opposition brief to Plaintiffs' motion to remand,

Defendants claim that the language used by the Superior Court certified a class that was not

limited to residents of the United States, but was instead worldwide.  They claim that the

omission of any language limiting the class to United States residents was intentional, and that

the Superior Court intended to create a worldwide class when it issued its order.  By adopting

such a class definition, Defendants claim, the Superior Court expanded the class of plaintiffs and

"effectively commenc[ed] a new action on behalf on the non-United States residents." (Defs.' Br.

at 15.)

       In their motion to remand, Plaintiffs claim that the class certification order entered by the

Superior Court judge contains a clerical error.  Plaintiffs claim that the language used both in

their brief seeking class certification and by the Superior Court in its order certifying the class

unintentionally omits words restricting the class to residents of the United States.  Plaintiffs

contend that the Superior Court's class certification order did not commence a new action

because it did not expand the class definition; rather, the omission of language restricting the

class to United States residents was a scrivener's error committed by both Plaintiffs and the

Superior Court.  Plaintiffs dedicate both their brief in support of their motion to remand and their

reply brief to arguing this contention; they do not appear to dispute Defendants' contention that

should the class certification order be taken as it reads literally, it would entitle Defendants to

remove the action to federal court.

       C.    <u>Analysis</u>

       In support of their argument that the Superior Court committed a clerical error in its order

certifying a worldwide class, Plaintiffs attach as exhibits the Superior Court's class certification

order itself, transcripts from the parties' oral arguments before the Superior Court as it was

considering class certification, and Defendants' brief in opposition to Plaintiffs' motion for class

certification.  These exhibits evidence a mindset by both the parties and the judge of a class

consisting solely of United States residents.

      In its order certifying the class, the Superior Court clearly announced its presumption that the class it certified was limited to residents of the United States.  In its opinion, the court stated that "plaintiffs are all residents of New Jersey.  The proposed members of the class are presumably residents of all fifty states." (Pls.' Br. Ex. B.)  In its choice of law analysis, the Superior Court further characterized Defendants as arguing that "the various potential class members are from any of the fifty states and each state has varying degrees of consumer fraud laws.  Defendant contends that there have been no nationwide class action suits that have applied state law." (Pls.' Br. Ex. B.)  In prefacing its analysis, the court stated that "the fact that there may be a conflict of law issue in a multi-state class action should not preclude certification of a class." (Pls.' Br. Ex. B.)

      At oral argument, the parties and the judge made further reference to the assumption that the class would be limited to United States residents.  Defendants noted the difficulty inherent in giving notice of the action "to half a million people who live in all 50 states[.]" (Pls.' Br. Ex. H.) Defendants also characterized Plaintiffs' motion as one "for a nationwide class action." (Pls.' Br. Ex. I.) Defendants and the judge went on to repeat the phrase "nationwide class action" on numerous occasions.

      Finally, in their brief opposing Plaintiffs' motion for class certification, Defendants made numerous references to the class being limited to United States residents.  Defendants noted that "it is undisputed that the class, as defined, includes residents from all 50 states of the United States." (Pls.' Br. Ex. J.)  Defendants further characterized Plaintiffs as "seek[ing] to assert a claim on behalf of a broad class including all residents of the United States who were passengers on a cruise line doing business with the defendants between 1996 and the current date and who

purchased artwork or, unsuccessfully tendered a bid to purchase artwork, at an auction." (Pls.' Br. Ex. J.)

In support of their argument that the language used by the Superior Court evidenced an intent to certify a worldwide class, Defendants present evidence of the material developed during discovery that evidenced the international nature of the cruises upon which Defendants sold artwork. Various depositions attest to the fact that Defendants sell artwork "on more than 365 cruise ships all over the world," (Defs.' Br. Ex. B) and that such ships leave from ports both in America and abroad. Defendants claim that as discovery evidenced an increasingly international nature to the business, Plaintiffs sought to expand their class definition. This argument is disingenuous at best. Discovery materials pertaining to the international nature of the cruises themselves are distinct from any discussing the residency of those who were affected by the alleged wrongdoing by Defendants. While many cruises did travel to or leave from international ports, evidence of this that arose during discovery hardly evidences an intention by plaintiff to seek a class consisting of those hailing from outside the United States.

Defendants further argue that Plaintiffs did not dispute the Superior Court's class certification until they realized that it would allow Defendants to remove the case to federal court. On November 22, 2005, Defendants filed a brief with the Superior Court in support of their motion for interlocutory leave to appeal the certification of a worldwide class under the New Jersey Consumer Fraud Act. In this brief, Defendants made clear that they read the Superior Court's opinion as certifying a worldwide class. Defendants claim that after receiving this brief, Plaintiffs did not argue that the class certification order contained a clerical error. This argument is also without merit. On November 30, 2005, only eight days after filing the motion seeking interlocutory leave to appeal, Defendants filed a Notice of Removal with this Court.

This notice was filed before Plaintiffs had responded to Defendants' motion and served to prohibit Plaintiffs from filing an opposition brief with the Superior Court, as the notice of removal served to terminate the jurisdiction of the state court over the case. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.").  Indeed, on December 2, 2005, Plaintiffs sent a letter to the Appellate Division's Clerks Office seeking "guidance as to whether the State Court still will be entertaining Defendant's motions or whether said motions are deemed withdrawn."  (Pls.' Br. Ex. E).  By removing the case to federal court, Defendants divested the courts of the State of New Jersey of jurisdiction over the matter.  That Plaintiffs did not contest Defendant's characterization of the class as being "worldwide" is therefore not surprising, as Plaintiffs were not required to reply to the Defendants' motion seeking interlocutory leave to appeal once Defendants gave notice of removal.

In claiming that the Superior Court's order contained a clerical error, Plaintiffs ask this Court to correct the error pursuant to Fed. R. Civ. P. 60(a), which states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  In their opposition brief, Defendants argue that the wording used by the Superior Court does not constitute an error which can be corrected under Rule 60(a).

While Rule 60(a) would enable this court to correct an error, this court need not rely on Rule 60(a) in determining that it lacks removal jurisdiction.  In Schillinger v. Union Pac. R.R.

Co., 425 F.3d 330 (7th Cir. 2005), the Seventh Circuit addressed a case in which an amended complaint had incorrectly listed an additional party in its caption. The defendants argued that this addition of a new party amounted to the commencement of a new action, and that CAFA would subsequently allow the federal court to exercise removal jurisdiction. Looking at the particulars of the case, the court found no evidence that the inclusion of the additional party was anything but unintentional. In upholding the district court's decision to remand the case to state court, the Seventh Circuit held that "[t]his case should not come to federal court if the only ground for jurisdiction is a clerical error, however careless." Id. at 333. It went on to state that the "district court correctly held that jurisdiction is defeated if one of the pleading elements necessary to establish jurisdiction is a scrivener's error." Id. at 334.

This rationale is equally applicable to the facts of the case before this Court. But for the expansion of the class of plaintiffs created in the Superior Court's order, this Court would lack removal jurisdiction. The inclusion of worldwide plaintiffs is an error that by all accounts appears to be extremely careless but nonetheless unintentional. That the error was made by both Plaintiffs and the Superior Court does not further Defendants' argument that the wording of the class definition to include worldwide plaintiffs was intentional. In finding that removal jurisdiction is wanting, however, this Court need not amend the order of the Superior Court; rather, upon remand, the Superior Court can render such a correction itself pursuant to N.J. Ct. R. 1:13-1.


## III.  CONCLUSION

For the foregoing reasons, the Court finds that the Superior Court's class certification

order contained a clerical error and thus did not "commence" a new action.[3]  Since the action was

commenced prior to February 18, 2005, this court does not have jurisdiction under CAFA, and

the action will be remanded to the Superior Court of New Jersey, Law Division, Burlington

County.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.").  The accompanying order

shall issue today.


Dated:  September 14, 2006                                            s/ Robert B. Kugler

                                                                     ROBERT B. KUGLER

                                                                     United States District Judge

---

[3]The Court notes that, given its holding that the Superior Court's opinion contained a clerical error, it need not consider whether an expansion of the class from nationwide to worldwide would suffice as "commencing" a new action and give this court jurisdiction under CAFA.  The Seventh Circuit has held that "[a]mendments to class definitions do not commence new suits," Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 751 (7th Cir. 2005).  But see Knudsen v. Liberty Mutual Ins. Co., 435 F.3d 755, 758 (7th Cir. 2006) (Knudsen II) (finding a new action to have been commenced when the expansion of a class definition introduced a "novel claim" of which defendant would not have had notice under the original complaint).